Industry Township, Appellant, *v.* Lee et ux.

Argued April 23, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James L. Hogan,* for appellant.

*Louis E. Graham,* with him *James H. Dilley,* of *Graham & Dilley,* for appellees.

PER CURIAM, July 15, 1937:

We are of opinion that the learned court below exercised rare judgment and discretion in disposing of this troublesome case.

The defendants had no legal warrant to enter upon the public road in front of their premises and change the mode of drainage on the side of the highway abutting on their property from a deep open gutter to a terra cotta pipe with level surface; and the court so held, and imposed on them the costs of this bill in equity. But it by no means follows that the plaintiffs are entitled to a mandatory injunction requiring defendants to restore the condition of affairs to just what it had been before the change was made. The court below, in effect, found that while the change was unwarranted it was not harmful or prejudicial to the township and constituted an improvement to the road in front of defendants' property. It was a change which the supervisors themselves should reasonably have been willing to authorize to be done on the request of the defendants and at their expense.

The court found—and the evidence, in our opinion, supports the finding,—that the reconstruction of the drainage by the defendants on Wabash Street in the Village of Industry, in the Township of Industry, Beaver County, does not constitute a nuisance, nor is it a continuing trespass; that defendants are not to be enjoined from lawfully parking on said Wabash Street; that no use of the drain, as constructed by defendants, for disposal of sewage appears and no conduct or proposed act as to such use is now subject to restraint. It therefore dismissed the bill, but imposed the costs on the defendants.

The mere fact that the act of the defendants was unwarranted does not necessarily require the court to order that the change effected thereby be eradicated and the prior condition restored, where so doing would not benefit the township and would harm the defendants' property, and, perhaps, the highway itself. Equity requires no such harsh action, when no good purpose would be served thereby.

The appeal is dismissed, without costs on appeal, to either party.